IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JASONJA WARD,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:13-CV-1042-L** |
| | § | |
| **AMERICAN RED CROSS AND JANE** | § | |
| **DOE,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Rule 12(c) Motion for Judgment on the Pleadings (Doc. 3),

filed March 27, 2013; and Plaintiff's Motion for Leave to Amend (Doc. 4), filed April 11, 2013.

Defendants contend that they are entitled to judgment on Plaintiff's claim because they are barred

by applicable statute of limitations under Texas law and that Plaintiff should not be permitted to

amend her pleadings because amendment would be futile.[*] Plaintiff seeks to amend her pleadings

to allege facts pertaining to equitable tolling and contends that Defendants' Rule 12(c) motion is

premature. The court agrees.

Any party may move for judgment on the pleadings after the pleadings are closed and when

it would not delay the trial. Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) "is

designed to dispose of cases where the material facts are not in dispute and a judgment on the merits

---

[*] As part of their opposition to Plaintiff's motion to amend her pleadings, Defendants filed a surreply to Plaintiff's motion. Once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* Local Civil Rule 7.1. Thus, the movant is entitled to file the last pleading. Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters, and only permits pleadings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances. Consequently, a party must not seek leave to file a surreply as a routine matter. Moreover, as Defendants did not seek leave, the court *sua sponte* **strikes** Defendants' surreply.

**Memorandum Opinion and Order – Page 1**

can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

"Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 213 (3d ed. 2004) (footnote omitted). If, however, "a counterclaim, cross-claim, or third-party claim is interposed, . . . the filing of a reply to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings." *Id.* (footnote omitted). A "defendant may not move under Rule 12(c) prior to filing an answer." *Id.* at 214. As no answer has been filed by Defendants, their Rule 12(c) motion is premature, and judgment on the pleadings is not appropriate at this juncture.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

**Memorandum Opinion and Order – Page 2**

allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Given that the case has been pending only three months, the court determines that, while Defendants oppose Plaintiff's request to amend her pleadings, they will not suffer any legal prejudice if Plaintiff is permitted to amend her pleadings. Further, the court finds that the amendment is not sought for purposes of delay or an improper motive. A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted). The court, however, cannot say at this time whether Plaintiff's proposed amendment regarding equitable tolling would be futile. Accordingly, the court **denies without prejudice** Defendants' Rule 12(c) Motion for Judgment on the Pleadings (Doc. 3) and **grants** Plaintiff's Motion for Leave to Amend (Doc. 4). Plaintiff is directed to file her amended complaint by **June 21, 2013.**

**It is so ordered** this 14th day of June, 2013.

Sam A. Lindsay
United States District Judge